UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

OCT 2 0 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-626-GWU

CAROLYN M. BABER,                                              PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                              DEFENDANT.

### INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative decision of the Department of Health and Human Services, pursuant to the provisions of the Social Security Act; at issue is the denial of her application for Disability Insurance Benefits (DIB) and Disabled Widow's Insurance Benefits (WIB). The appeal is currently before the Court on cross-motions for summary judgment.

### APPLICABLE LAW

The plaintiff filed  two types of benefit claims, as has been noted above. With respect to the plaintiff's widow's insurance benefits, the medical evidence relating to such claims filed on or after January 1, 1991, or applications pending on or after that date, are to be evaluated under the same standards as are applied to other Title II disability claims.  Omnibus Budget Reconciliation Act (OBRA) of 1990,

1

Baber

Pub. L. No. 101-508, Section 5103.   Accordingly, a review of the principles applicable to judicial review of these other claims is necessary.[1]

## LAW APPLICABLE TO SUPPLEMENTAL SECURITY INCOME

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Title II benefit cases:

1. Is the claimant currently engaged in substantial gainful activity?  If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 CFR 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 CFR 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to Step 4.  If no, the claimant is not disabled.  See 20 CFR 404.1520)c), 404,1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled.  See 20 CFR 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (Listing of Impairments)?  If yes, the

---

[1]Other requirements for Widow's benefits were not at issue in the present case.

Baber

claimant is disabled.  If no, proceed to Step 6.  <u>See</u> 20
CFR 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.   Can the claimant, despite his impairment(s),
     considering his residual functional capacity and the
     physical and mental demands of the work he has done
     in the past, still perform this kind of past relevant work?
     If yes, the claimant was not disabled.  If no, proceed to
     Step 7.  <u>See</u> 20 CFR 404.1520(e), 416.920(e).

7.   Can the claimant, despite his impairment(s),
     considering his residual functional capacity, age,
     education, and past work experience, do other work--
     i.e., any other substantial gainful activity which exists in
     the national economy?  If yes, the claimant is not
     disabled.  <u>See</u> 20 CFR 404.1505(a), 404.1520(f)(1),
     416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent
to the judicial review of administrative agency action apply.   Review of the
Commissioner's decision is limited in scope to determining whether the findings of
fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and</u>
<u>Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial
evidence" is "such evidence as a reasonable mind shall accept as adequate to
support a conclusion;" it is based on the record as a whole and must take into
account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at
387.

One of the detracting factors in the administrative decision may be the fact
that the Commissioner has improperly failed to accord greater weight to a treating

3

physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656, (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. If there is objective medical evidence of a medical condition, the court must determine if (1) objective evidence confirms the severity of the alleged pain arising from the condition, or (2) the objectively-established medical condition is of such severity that it can reasonably be expected to produce disabling pain. McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1002 (6th Cir. 1988).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would

4

Baber

have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

In step three, as previously noted, the issue is whether the plaintiff has a "severe impairment." This term is defined by the regulation to mean an impairment which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs" 20 CFR 404.1521. The term is not to be interpreted in an overly restricted manner. Farris v. Secretary, 773 F.2d 85 (6th Cir. 1985). One of the factors which may detract from the decision is when the Secretary automatically determines that a condition is not a severe impairment by virtue of the fact that the claimant was engaged in

5

some work while suffering from the condition. <u>Mowery v. Secretary</u>, 771 F.2d 966 (6th Cir. 1985). On the other hand, when a plaintiff has suffered from an eye injury since he was a teenager and had a full work history for decades thereafter until he is disabled by another condition, the Secretary might properly determine that the eye injury had little real effect on the disability determination. <u>Auer v. Secretary</u>, 830 F.2d 594 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Carolyn M. Baber, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of arthritis, a history of cervical strain with headaches, hypertension, and diabetes mellitus. (Tr. 24). Nevertheless, based in part on the testimony of a vocational expert (VE), the ALJ determined that Mrs. Baber retained the residual functional capacity to return to her past relevant work as a home health aide and caretaker and, therefore, was not entitled to benefits. (Tr. 25-7). The Appeals Council declined to review, and this action followed.

The plaintiff had filed a prior application for DIB on May 30, 2001, which was denied September 25, 2002 in a decision by an ALJ (Tr. 67-73), which was later affirmed in a decision by this Court on December 30, 2003 (Tr. 98-109). The plaintiff's current applications for DIB and DWB were filed October 22, 2002. (Tr. 110-13). The ALJ in the present case applied <u>res judicata</u> through September 25, 2002, the date of the prior, final administrative decision. (Tr. 22). He determined

that, under the rule of <u>Drummond v. Commissioner of Social Security</u>, 126 F.3d 837 (6th Cir. 1997), that there had been no change in the plaintiff's condition which would warrant a departure from the residual functional capacity previously determined. (Tr. 25). Therefore, at the administrative hearing, he presented the VE with a hypothetical question regarding an individual of the plaintiff's age of 58 years, who was limited to "medium" level exertion, with the ability to sit, stand, or walk six hours out of an eight-hour day, who should avoid ladders, ropes, or scaffolds and vibration. (Tr. 62). The VE responded that such a person could perform the plaintiff's past work as a home health aide as it was described in the <u>Dictionary of Occupational Titles</u> (DOT), although "in practical application," these jobs usually required more lifting than 50 pounds, as lifting of patients was involved. (Id.). However, the VE also testified the plaintiff's past relevant work as a caretaker was "less involved" because the individuals cared for were more capable of doing things for themselves. (Id.).

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Medical evidence in the transcript includes some records considered with the previous application, including an MRI of the cervical spine from May, 2000 showing a small midline disc herniation at C5-C6. (Tr. 155). However, a neurosurgeon, Dr. William Brooks, concluded that the plaintiff did not have herniated disc or compression of the nerve root, he found no weakness, or abnormalities of sensation

7

or reflexes, and concluded that the plaintiff was not a surgical candidate. (Tr. 166). Another neurologist, Dr. Christa U. Muckenhausen, opined that the plaintiff did have a herniated disc, was permanently totally disabled, and could perform less than full-time sitting and standing (Tr. 168, 171, 176) but, as was noted in the Court's previous decision, Dr. Muckenhausen was not established as a long-term treating source and her opinion was not entitled to controlling weight. (Tr. 106). In any case, all of this evidence was considered in the previous decision.

Newer evidence includes x-rays from July, 2002 showing moderate to mild degenerative disc disease of the thoracic and lumbar spine (Tr. 196) and a bone scan from August, 2002, showing osteoporosis of the lumbar spine (Tr. 195). The plaintiff testified that she was treated at Simon and True medical consultants on a monthly basis and received pain medications. (Tr. 56). Records from these sources show that various physicians, including Dr. Michael Vories and Dr. Ionut Stefanescu, conducted physical examinations which showed that the plaintiff had some reduction in the range of motion of her neck and lumbar spine, although the values were not clearly specified, and on occasion had a positive Phalan's sign in her hands, but normal strength (e.g., Tr. 242-76, 302-316). There were no reflex or sensation abnormalities, and hand strength and range of motion of the fingers apparently remained intact. (Tr. 243, 315). The narcotic medication Lorcet was prescribed, and the plaintiff was consistently told not to drive or operate heavy machinery while taking prescribed pain medications. (E.g., Tr. 247, 302, 316).

Baber

However, no other functional restrictions were given. The plaintiff's information regarding her work as a home health aide and caregiver, although indicating that she took vitals from patients and lifted equipment such as mops, brooms, and buckets, does not indicate that she was required to operate "heavy" machinery or drive on the job. (Tr. 126).

The most recent state agency physician who reviewed the evidence, Dr. David Swan, opined on March 26, 2003 that the plaintiff would have a residual functional capacity consistent with the ALJ's hypothetical question. (Tr. 279-85).

The plaintiff argues on appeal that the ALJ improperly rejected the opinion (Tr. 322-5) of a treating source at Beechfork Clinic, who treated her for non insulin-dependent diabetes mellitus (described as well-controlled), hypertension (described as poorly controlled), high cholesterol, and stress urinary incontinence (Tr. 317-21). However, the source was identified as a certified family nurse practitioner (Tr. 321), and, as the ALJ found, a nurse practitioner is not an acceptable medical source under the Commissioner's regulations at 20 C.F.R. Section 404.1513. (Tr. 24).

The plaintiff also cites the September 27, 2004 opinion of Dr. P. D. Patel, which limited the plaintiff to lifting no more than 15 pounds and standing no more than three hours in an eight-hour day (Tr. 355-62). However, Dr. Patel did not examine the plaintiff or render his opinion until more than two months after the ALJ's July 8, 2004 decision, and his reports were submitted to the Appeals Council, which found no reason to review the ALJ's decision. (Tr. 10-13). Therefore, this Court

9

cannot consider the new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision, although it can remand the case for further administrative proceedings under 42 U.S.C. Section 405(g) if the plaintiff shows that the evidence is new and material and that there was good cause for not presenting it at the prior preceding. Cline v. Commissioner of Social Security, 96 F.3d 146, 148 (6th Cir. 1996). In the present case, the plaintiff has not provided any good cause for failing to obtain the evidence earlier, and has not even cited Section 405(g).

Likewise, the plaintiff's argument that she meets the requirements of Rule 202.06 of the Commissioner's Medical-Vocational Guidelines (the "grids") must fail. Rule 202.06 concerns an individual who is of advanced age, i.e., 60 to 64, and limited to light level work. The plaintiff did not turn 60 until August 24, 2005 (Tr. 54), more than a year after the ALJ's decision and, as previously noted, there was no evidence before the ALJ to limit her to light level exertion.

Of more concern is the plaintiff's argument that the VE's testimony does not support the conclusion that she could return to her past relevant work. As previously noted, the VE stated that the job of home health aide existed at the medium level according to the DOT, but that in her experience heavier lifting would be required. Moreover, her testimony regarding the plaintiff's past work as a caregiver was somewhat ambiguous, although it did suggest that it could be performed. (Tr. 62). The Court noted in its prior decision, however, that VE testimony in connection with the plaintiff's first application had shown that the

10

plaintiff had skills that would transfer to a "nurses aid light" position and that the plaintiff's own testimony had been that she only lifted 20 pounds in her job during last portion of time that she was employed. (Tr. 105). The Court concluded that "it would not appear that the job as normally performed in the economy would involve heavy lifting, and Baber's own testimony suggests that it could be satisfactorily performed at a lighter level." (Id.). In light of these previous findings, and the fact that the current VE did not clearly state that the plaintiff could not perform her past relevant work as a caregiver (Tr. 62, 126), the ALJ could reasonably have determined that the plaintiff did not carry her burden of showing she could not return to her past relevant work.

The decision will be affirmed.

This the ___20___ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

11